IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERKLEY INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign insurer, FIRST RESPONSE, INC., an Oregon corporation, CLARK COUNTY, a Washington municipal corporation, and ALLEN BRICKER, an individual,<br><br>Defendants. | Cause No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Berkley Insurance Company submits the following Complaint for Declaratory Relief.

**I.     PREAMBLE**

This Declaratory Judgment Action is brought by Berkley Insurance Company as the Reinsurer for Washington Counties Risk Pool in order to obtain a judicial determination as to the priority of payment for any indemnity obligation owed to Clark County in regard to the matter entitled *Bricker v. Clark County et al.*, Cause No.: 16-2-00253-0, filed in Clark County Superior

Court, under the policies issued by Philadelphia Indemnity Insurance Company and the Memorandum of Coverage issued by Washington Counties Risk Pool.

## II.   PARTIES

2.1   Plaintiff Berkley Insurance Company ("Berkley") is a foreign insurer organized under the laws of the State of Delaware with its principal place of business located in Greenwich, Connecticut.

2.2   Defendant Philadelphia Indemnity Insurance Company ("PIIC") is a foreign insurance company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business located in the Commonwealth of Pennsylvania.

2.3   Defendant First Response, Inc. ("First Response") is a private security company organized under the laws of the State of Oregon, with its principal place of business located in the State of Oregon.

2.4   Defendant Clark County ("the County") is a Washington municipal corporation.

2.5   Defendant Allen Bricker ("Bricker") is a citizen of the State of Washington, residing in Vancouver, Washington.

## III.   JURISDICTION AND VENUE

3.1   This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2   Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves claims for insurance coverage involving Defendants, all of whom are either residing in or conducting business in Clark County, Washington and the loss giving rise to those claims occurred in Clark County, Washington.

///

## IV.    RELEVANT FACTS

**A.    Background**

4.1    Defendant Bricker was an employee of the Veteran's Administration Northwest Health Network (the "VA") in Vancouver, Washington, which leased office space in the Clark County Center for Community Health.

4.2    First Response was the security contractor retained by the County for the subject property.

4.3    Deborah Lennon ("Lennon"), a former employee of the VA from 2012 to 2014, engaged in a series of incidents in which she contacted and/or confronted Bricker.

4.4    Bricker claims that he requested additional security measures be provided by Clark County and/or First Response in light of Lennon's behavior.

4.5    On or about February 4, 2014, Bricker was working in the scope of his employment at the VA when Lennon entered the facility and shot Bricker twice in the back.

4.6    Lennon was prosecuted and is currently serving a 22-year sentence for attempted murder.

4.7    Bricker brought suit against the County and First Response in a lawsuit filed in Clark County Superior Court entitled, *Bricker v. Clark County et al.*, Cause No.: 16-2-00253-0 ("Underlying Lawsuit").

**B.    The Clark County/First Response Contract**

4.8    Upon information and belief, the contract between the Clark County and First Response includes the following pertinent provisions:

>    A.    At the execution of this contract, the Contractor must provide an original ACORD Form with the Commercial General Liability (CGL) Insurer or Business Owners Policy (BOP), . . . all or either with broker of record, insurance limit(s), renewal dates, deductible less than $5,000 . . . , and

COMPLAINT FOR DECLARATORY RELIEF  – 3

$1,000,000 annually. . . In all cases, the Contractor's policy is primary and they waive their right of subrogation except for gross negligence by the County.

. . .

D. Additional Insured: the Contractor agrees to endorse Clark County as an "Additional Insured" on the Commercial General Liability Policy (CGL), BOP, or Builder's Risk policies with the following or similar endorsement providing equal or broader additional insured coverage, the CG2026 07 04 Additional Insured – Designated Person or Organization endorsement; or the CG2010 10 01 Additional Insured – Owners, Contractor, or Subcontractor endorsement, including the "additional insured" endorsement of CG2037 10 01 Additional Insured - Owners, Contractor, or Subcontractor – Completed operations, shall be required to provide back coverage for the Contractor's "your work" as defined in the policy and liability arising out of the products-completed operations hazard. The Additional Insurance Endorsement shall read "Clark County Washington".

C. **The Philadelphia Indemnity Insurance Company Insurance Policies**

4.9 PIIC issued Commercial General Liability and Commercial Excess Liability Policies to First Response.

4.10 Those PIIC Policies were in full force and effect at the time of the loss that is the subject of the Underlying Lawsuit.

4.11 The County qualifies as an additional insured under each of the policies issued by PIIC.

*1. The PIIC Commercial General Liability Policy*

4.12 PIIC issued a commercial general liability policy of insurance to First Response as policy number PHPK1032194 ("PIIC CGL Policy").

4.13 The PIIC CGL Policy has a $1,000,000 per occurrence limit.

4.14 The PIIC CGL Policy contains a blanket additional insured provision that provides the following:

      f.    Blanket Additional Insureds by Contract – Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused in whole or in part, by:

          (1)    Your acts or omissions; or
          (2)    The acts or omissions of those acting on your behalf;

In the performance of your ongoing operations for the additional insured.

4.15    The PIIC reservation of rights letter issued to Clark County on July 15, 2015 acknowledges Clark County as an additional insured for purposes of the PIIC CGL Policy.

4.16    The PIIC CGL Policy has an Other Insurance provision that states as follows:

**4.    Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

**a.    Primary Insurance**

This insurance is primary except when paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

**b.    Excess Insurance**

This insurance is excess over:

(1)    Any of the other insurance, whether primary, excess, contingent or on any other basis:

    (a)    That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

      (b)    That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

      (c)    That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

      (d)    If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability

    (2)    Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

    (1)    The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

    (2)    The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with another other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declaration of this Coverage Part.

### 2. The PIIC Commercial Excess Liability Policy

4.17   PIIC also issued a commercial excess liability policy to First Response as policy number PHUB423776 ("PIIC Excess Policy").

4.18   The PIIC Excess Policy includes a description in the policy describing "Who is an Insured" as: "any person or organization insured under any policy of the 'underlying insurance,'" as that term is defined.

4.19   The PIIC Excess Policy includes the following definition of "Underlying Insurance":

> 17.   "Underlying insurance" means the policies listed in the Schedule of Underlying Insurance and includes:
>
> (a)   Any renewal or replacement of such policies, and
> (b)   Any other insurance available to the insured.

4.20   For the purposes of the PIIC Excess Policy, the PIIC CGL Policy is the "underlying insurance".

4.21   The PIIC Excess Policy includes an Other Insurance provision that states as follows:

> 10.   Other Insurance
>
> This insurance is excess over any other valid and collectible insurance whether such other insurance is stated to be primary, contributing, excess, contingent or otherwise.

4.22   The PIIC Excess Policy provides coverage up to the $8,000,000 limit.

4.23   The PIIC reservation of rights letter issued to Clark County on July 15, 2015 acknowledges Clark County as an additional insured for purposes of the PIIC Excess Policy.

### 3. *The Washington Counties Risk Pools Memorandum of Coverage*

4.24 At the time of the loss that is the subject of the Underlying Lawsuit, Clark County was a participant in a Joint Self-Insurance Memorandum of Coverage provided by Washington Counties Risk Pool ("WCRP").

4.25 WCRP is expressly excluded from the definition of "insurer" under Washington law. RCW 48.01.050.

4.26 The WCRP Memorandum of Coverage ("MOC") contains an Other Insurance provision which provides, in pertinent part, as follows:

> **Other Insurance:** The joint self-insurance afforded by this policy is secondary to and excess of any valid and collectible insurance which is available to the insured.

4.27 Berkley is a Reinsurer for the WCRP MOC. As a result, Berkley has a real financial interest in determining respective coverage obligations owed by PIIC and WCRP.

## V. THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO THE RIGHTS AND OBLIGATIONS OF THE PARTIES TO THE PIIC INSURANCE POLICIES AND THE MOC

5.1 Pursuant to the PIIC CGL Policy and the PIIC reservation of rights letter, Clark County qualifies as an Additional Insured with respect to any liability that the County has that was caused "in whole or in part" by the acts or omissions of First Response.

5.2 There is an actual and justiciable controversy as to whether the PIIC CGL Policy covers Clark County as an Additional Insured for any liability attributed to Clark County in the Underlying Lawsuit.

5.3 The Other Insurance provision in the PIIC CGL Policy provides, in pertinent part, that the PIIC CGL insurance is primary over other available insurance unless the other insurance available is also primary.

COMPLAINT FOR DECLARATORY RELIEF – 8

5.4     There is an actual and justiciable controversy as to whether the WCRP MOC qualifies as "other available insurance" under Washington law.

5.5     Pursuant to the PIIC Excess Policy and the PIIC reservation of rights letter, Clark County qualifies as an Additional Insured under the PIIC Excess Policy issued to First Response.

5.6     There is an actual and justiciable controversy as to whether the PIIC Excess Policy provides indemnity to Clark County as an additional insured for any liability attributed to Clark County in the Underlying Lawsuit.

5.7     The Other Insurance provision in the PIIC Excess Policy provides, in pertinent part, that the PIIC Excess Policy is excess over any other valid and collectible insurance whether such other insurance is stated to be primary, contributing, excess, contingent, or otherwise.

5.8     The Other Insurance provision in the WCRP MOC provides in pertinent part that the joint self-insurance afforded is secondary to and excess of any valid and collectible insurance which is available to Clark County.

5.9     There is an actual and justiciable controversy as to whether the WCRP MOC is excess over the PIIC CGL Policy.

5.10    There is an actual and justiciable controversy as to whether the WCRP MOC is excess over the PIIC Excess Policy.

5.11    Based on the PIIC Policies and the WCRP MOC, as well as clear Washington law, the priority of payment for any indemnity obligation owed to Clark County for any liability assessed to the County in the Underlying Lawsuit is as follows:

- Primary Indemnity – The PIC Commercial General Liability policy;
- First Excess Layer – The PIC Commercial Excess Liability policy;
- Second Excess Layer – The WCRP Memorandum of Coverage

5.12    There is an actual and justiciable controversy as to the priority of payment for any indemnity obligations associated with any liability assessed to the County in the Underlying Lawsuit.

## VI.    FIRST CAUSE OF ACTION – DECLARATORY RELIEF

6.1    Berkley is entitled to Declaratory Judgment in its favor, specifically including a judicial determination that the PIIC CGL Policy issued to First Response provides the primary layer of indemnity coverage for any liability that is assessed to Clark County in the Underlying Lawsuit.

6.2    Berkley is further entitled to Declaratory judgment in its favor, specifically including a judicial determination that the PIIC Excess Policy is the first excess layer of insurance available to Clark County for any and all liability assessed to the County in the Underlying Lawsuit.

6.3    Berkley is further entitled to Declaratory Judgment in its favor, specifically including a finding that the coverage provided by the WCRP MOC is excess over the PIIC CGL and Excess Policies for any liability assessed to the County in the Underlying Lawsuit.

6.4    Berkley is further entitled to Declaratory Judgment in its favor, specifically including a finding that the priority of payment for an indemnity obligation to Clark County for any liability assessed to the County in the Underlying Lawsuit is as follows:

- Primary Indemnity – The PIC Commercial General Liability policy;
- First Excess Layer – The PIC Commercial Excess Liability policy;
- Second Excess Layer – The WCRP Memorandum of Coverage

///

///

COMPLAINT FOR DECLARATORY RELIEF   – 10

## VII. PRAYER FOR RELIEF

Plaintiff Berkley Insurance Company, having alleged the foregoing, does now, hereby, pray for relief as follows:

7.1 For a declaration that the WCRP MOC is excess over all insurance provided by the PIIC CGL and Excess Policies for any liability that is assessed against the County in the Underlying Lawsuit.

7.2 For a declaration that the priority of payment for any indemnity obligation owed to the County for any liability assessed against the County in the Underlying Lawsuit is as follows:

- Primary Indemnity – The PIC Commercial General Liability policy;
- First Excess Layer – The PIC Commercial Excess Liability policy;
- Second Excess Layer – The WCRP Memorandum of Coverage

7.3 For any and all further declaratory relief to which Berkley may be entitled.

7.4 For attorney fees and costs allowed by statute and law.

7.5 For any interest allowed under Washington law.

7.6 For other and further relief as the Court deems just and equitable.

DATED this 8th day of June, 2018.

LETHER & ASSOCIATES, PLLC

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
*/s/ Eric J. Neal*
Eric J. Neal, WSBA #31863
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
eneal@letherlaw.com
tlether@letherlaw.com
*Attorneys for Berkley Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF – 11

LETHER & ASSOCIATES PLLC
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544